■ SAMBEE CORPORATION, LTD., Appellant, v MOHAMED MOUSTAFA, Doing Business as D. M. FACTORY, Respondent. [628

NYS2d 664] —Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about April 26, 1994, which granted the defendant's motion to dismiss the plaintiff's complaint on the ground of forum non conveniens, unanimously reversed, on the law and the facts, and the complaint is reinstated without costs.

The defendant, Mohamed Moustafa, is an Egyptian garment manufacturing corporation with its principal place of business in Alexandria, Egypt. Plaintiff, Sambee Corporation, Ltd. is a South Korean company not authorized to do business in New York, with its principal place of business located in Seoul, South Korea. The action which underlies this appeal involves a business arrangement between the plaintiff, defendant and certain purchasers of the garments manufactured by the defendant Mohamed Moustafa located in the United States, such as E.S. Originals, a New York Corporation. There is no written agreement in the record and no indication that a choice of law has been made by the parties to govern disputes between them. The record as developed so far demonstrates that Sambee Corporation acted as the inspection agent for E.S. Originals, and would inspect and approve shipment of garments manufactured by Mohamed Moustafa before the goods were shipped by the defendant directly to E.S. Originals. E.S. Originals would be invoiced directly by the defendant. Sambee Corporation would collect on the invoice, deduct its commission and remit the balance to the defendant.

The underlying action was the result of the shipment of allegedly defective nonconforming goods by the defendant to Sambee's customers. E.S. Originals, one of those customers, asserted claims against Sambee Corporation amounting to $450,736.38 based upon the defective goods manufactured and sent by the defendant. Sambee Corporation alleges that it was unable to discover the defects in the garments before shipment and ultimately had to credit E.S. Originals for over $450,000. Sambee Corporation commenced the action underlying this appeal against Mohamed Moustafa claiming that, due to its having to issue credits to E.S. Originals as well as other vendors, it lost $595,335.38.

Prior to the commencement of the action by Sambee Corporation against Mohamed Moustafa, defendant Mohamed Moustafa commenced an action against E.S. Originals for goods sold and delivered seeking $108,000 in damages. That action was settled for $90,000 and the litigation discontinued with prejudice in late 1993. It is noted in the order appealed herein, that the plaintiff Sambee Corporation sought and obtained an

order of attachment against the $90,000 debt owed to Mohamed Moustafa by virtue of the settlement, as it constituted an asset of the defendant company. The trial court noted also that, in its prior order granting the attachment, it "indicated a willingness to entertain a motion to dismiss on grounds of either *forum non conveniens* or lack of personal jurisdiction".

The doctrine of forum non conveniens articulated in CPLR 327 permits a court to stay or dismiss such actions where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479, *cert denied* 469 US 1108). The burden rests on the defendant challenging the forum to demonstrate relevant private or public interest factors, which militate against accepting the litigation (*supra*). Among the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the availability of an alternative forum in which plaintiff may bring suit (*supra*; *Banco Ambrosiano v Artoc Bank & Trust*, 62 NY2d 65, 73). The court may also take into account the fact that the parties to the action are nonresidents and whether the transactions out of which the causes of action arose occurred primarily in a foreign jurisdiction (*Islamic Republic of Iran v Pahlavi*, 62 NY2d, *supra*, at 479).

This action presents the Court with a basic commercial dispute of the type resolved in the Courts of this Department on a frequent basis, therefore, the burden of this action on the State's courts is minor. Defendant Mohamed Moustafa stated only that it would be "put through hardship and inconvenience" if forced to defend the action in this forum. The defendant failed to detail what hardship it would have to endure, failing to even affirmatively advance the argument that witnesses which might have to be produced are in Egypt; that conclusion was reached by the trial court on its own. We note, however, that if the action is tried in another forum witnesses from E.S. Originals, who would be essential to the case, would have to be transported to that forum. Furthermore, we note that the defendant has already itself commenced and won an action against E.S. Originals, in New York County, involving the same transactions which gave rise to this action.

Finally, it is clear that the defendant is subject to the jurisdiction of the courts of this State pursuant to CPLR 302 (a) (1) having supplied goods in this State, which were the part and parcel of the transaction which gave rise to this litigation. Concur—Rosenberger, J. P., Ellerin, Ross, Williams and Tom, JJ.