[706 NYS2d 82]

GEORGIA-PACIFIC CORPORATION, Respondent, v MULTIMARK'S INTERNATIONAL, LTD., Defendant, and REPUBLICAN LTD., Appellant.

First Department, March 23, 2000

### APPEARANCES OF COUNSEL

*Karen M. Asner* of counsel (*Cyrus Benson III,* on the brief; *White & Case, L. L. P.,* attorneys), for respondent.

*James D. Silbert* of counsel (*Michael B. Sena* on the brief; *Silbert, Hiller & Sena, L. L. P.,* attorneys), for appellant.

### OPINION OF THE COURT

ELLERIN, J. P.

The appeal before us illustrates the manner in which the repeated use of modern communications media to carry out corporate activities can affect a party's status in a jurisdictional context.

In this breach of contract action, it is alleged that from March to May 1998 plaintiff, a Georgia corporation with its principal place of business in Atlanta, Georgia, sold a quantity of pulp products to defendant Multimark's International, Ltd. (Multimark's), a corporation organized under the laws of the British Virgin Islands and headquartered there, for resale to third parties in various Latin American countries, and for which Multimark's remains indebted to plaintiff in the amount of $822,599.10. By electronic message dated July 9, 1998, Multimark's principal acknowledged the company's indebtedness for that sum, but asserted that, due to corporate mismanagement, no funds were available for payment.

Thereafter, plaintiff commenced this action and obtained an ex parte order of attachment against Multimark's assets in New York, in particular its account maintained at Bank Audi. However, upon discovering that there were insufficient funds in Multimark's account to satisfy the debt, plaintiff filed an amended complaint to add as a defendant Republican, on the ground that it was the alter ego of Multimark's and that the two companies, in fact, had conspired to circumvent the order of attachment. Plaintiff obtained an ex parte order of attachment against Republican's New York assets, and then moved to confirm the two orders of attachment. Republican cross-moved to dismiss the action as against it on the grounds of lack of personal jurisdiction and forum non conveniens.

Republican is a Panamanian corporation with its principal place of business located in Sao Paulo, Brazil. It is not authorized to do business in New York, and does not solicit any business or maintain any employees in New York. Virtually all of Republican's business consists of purchasing products from Korean and Uruguayan companies and reselling them in various Latin American countries. However, Republican admittedly uses an account at Bank Audi in New York to receive payments for those products and to pay its suppliers. While the mere maintenance of a single bank account in New York does not, as a general rule, constitute "doing business" in the State so as to subject a defendant to personal jurisdiction under CPLR 301 (*see, Fremay, Inc. v Modern Plastic Mach. Corp.*, 15 AD2d 235, 241), the use of a bank account "for the receipt of substantially all of the income of a foreign corporation and for the payment of substantially all of its business expenses" does (*United Rope Distribs. v Kimberly Line*, 785 F Supp 446, 450 [SD NY]; *Holtzman v Lauder*, 1994 WL 88013, 4, 1994 US Dist LEXIS 2837, *11-12 [SD NY, Mar. 11, 1994, Griesa, J.]; *see*

*also, Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 35-36). A corporation's deliberate use of a New York bank to conduct almost all of its business demonstrates an intent to take advantage of the benefits and protections of New York laws on a continuous and systematic basis so as to create a constructive "presence" within this State (*see, Laufer v Ostrow*, 55 NY2d 305, 310). Indeed, " 'such extensive and persistent corporate activity ought to be treated as carrying out in New York a corporate function on a scale sufficient to be seen, felt, palpitated and made subject to process' " (*supra*, at 311 [quoting *Benware v Acme Chem. Co.*, 284 App Div 760, 761]). The fact that no Republican employees were situated in New York does not alter that finding, since it is the ready availability of the various cable and satellite communications media that enables a corporation to direct all uses of the bank from a foreign office without the need for sending an actual agent to New York (*see, United Rope Distribs. v Kimberly Line*, 785 F Supp, *supra*, at 450). Based upon the foregoing, sufficient was demonstrated to warrant the court's exercise of jurisdiction. In light of this finding, we need not address the issue of whether Republican was, in fact, an alter ego of Multimark's.

■ Nor did the motion court improvidently exercise its discretion in denying Republican's motion to dismiss on forum non conveniens grounds, since significant events took place, or were to take place, in New York, namely, Multimark's was to make payments to plaintiff's account at a New York bank, Multimark's utilized its account at Bank Audi in New York as a "clearing agent" to effect those payments, and Multimark's and Republican allegedly conspired to divert funds from Multimark's Bank Audi account by instructing Multimark's customers to send their payments to Republican's account at that same institution. Clearly, key witnesses and documents are located in New York (*see, Waterways Ltd. v Barclays Bank*, 174 AD2d 324, 328). In addition, this is a straightforward commercial dispute of the type frequently resolved by the courts of this Department and therefore will impose a minor burden on the New York courts (*see, Sambee Corp. v Moustafa*, 216 AD2d 196, 198). Finally, no other forum identified by defendants would be more convenient since all three parties are organized under the laws of, and headquartered in, different fora, and Multimark's brokered the sales at issue with third parties in several Latin American countries. Therefore, the order of attachment against Republican was properly confirmed.

Accordingly, the order of the Supreme Court, New York County (Charles Ramos, J.), entered March 4, 1999, which

granted plaintiff's motion to confirm an ex parte order of attachment and denied defendant Republican Ltd.'s cross motion to vacate the attachment and dismiss the action as against it on the grounds of lack of personal jurisdiction and forum non conveniens, should be affirmed, with costs.

WALLACH, LERNER, ANDRIAS and SAXE, JJ., concur.

Order, Supreme Court, New York County, entered March 4, 1999, affirmed, with costs.