■ THERESA DUFFY, Appellant, v GRAND CIRCLE TRAVEL, INC., Respondent. [756 NYS2d 176] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about March 5, 2002, which granted defendant's motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, without costs.

Plaintiff, a resident of New York State, purchased a cruise package from defendant, a Massachusetts business, and, while on the cruise, sustained personal injuries in France. Dismissal of this action brought by plaintiff to recover for the injuries she allegedly sustained on the cruise was proper inasmuch as plaintiff failed to meet her burden to establish a basis for jurisdiction over defendant in New York. The evidence does not show that defendant, a nonresident corporation, has had business contacts with this jurisdiction sufficiently regular and continuous as to justify the conclusion that it is "doing business" in New York and is by reason of that "presence" subject to the jurisdiction of New York's courts pursuant to CPLR 301 (*see Landoil Resources Corp. v Alexander & Alexander Servs.*, 77 NY2d 28, 33 [1990]). Defendant does not maintain an office, telephone listing or mailing address in New York; it has neither bank accounts nor employees or agents here who solicit business here; it has no representatives in New York to collect payment or address customer complaints; all of its payments and correspondence are sent to and handled in its Mas-

sachusetts office; and all of the defendant's brochures, invoices, letterheads, and bank checks bear its Massachusetts address. Contrary to plaintiff's contention, New York jurisdiction would not be established pursuant to CPLR 301 by the circumstance that the cruise package, sold plaintiff from defendant's office in Massachusetts, included an airline ticket from New York to France (where the ship departed); or that defendant advertises in its brochures that New York (along with other major cities) is a "gateway city"; or that defendant has guides or representatives that meet customers at unspecified airports (*see Holness v Maritime Overseas Corp.*, 251 AD2d 220 [1998]).

Plaintiff fares no better in attempting to establish jurisdiction under CPLR 302 since defendant does not transact business in New York or contract to supply goods or services in New York, and plaintiff's injury occurred in France (*see Bramwell v Tucker*, 107 AD2d 731, 732-733 [1985]). Concur—Tom, J.P., Andrias, Buckley, Williams and Friedman, JJ.