Donetto v S.A.R.L. De Gestion Pierre Cardin (2004 NY Slip Op 50460(U))

[*1]

Donetto v S.A.R.L. De Gestion Pierre Cardin

2004 NY Slip Op 50460(U)

Decided on May 4, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 4, 2004

Supreme Court, New York County
JOSETTE DONETTO,
 Plaintiff,

 
 -against-

S.A.R.L. DE GESTION PIERRE CARDIN, 
PIERRE CARDIN COORDINATION, U.S.A., 
INC., and PIERRE CARDIN,
 
 Defendants, 
600136/03

Saralee Evans, J.
Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:
Plaintiff sues defendants, her former employer Pierre Cardin Coordination, USA, Inc. (Cardin USA), S.A.R.L. De Gestion Pierre Cardin (Cardin France), a French company with headquarters in Paris, and Pierre Cardin personally, a French national domiciled and resident in France. Plaintiff was employed at Cardin USA from 1980 until her termination in September 2000. She sues her employer, its' parent company Cardin France and Mr. Cardin personally for sex discrimination under the federal and State Equal Pay Laws and the State and City Human Rights Law, alleging that during her tenure as a Cardin USA employee she was paid less than similarly situated male employees. She also raises claims under the New York Labor Law and § 502 of ERISA, alleging that she was improperly denied severance pay upon her termination. She additionally asserts that Cardin USA breached an implied employment contract and two causes of action for breach of contract against Pierre Cardin personally, based on his alleged representation that her employment at Cardin USA would continue.
Defendants Cardin France and Pierre Cardin, both of whom were served with process in France, move to dismiss the complaint as against them for failure to state a claim and for lack of New York jurisdiction. Plaintiff opposes the motion and cross moves for an order permitting [*2]discovery on the issue of movants' ties to New York, or alternatively, to amend the complaint in some unspecified way. On both aspects of the defendants' motion, this court must accept as true the facts set forth in the complaint and accord plaintiff all favorable inferences. State of New York v. NYC Transit Authority, 59 NY2d 343, 348 (1983).
Cardin France is a French company with its principal offices in Paris. Plaintiff contends that this court has jurisdiction over Cardin France because it currently does business in New York subjecting it to general jurisdiction under CPLR §301. Plaintiff further argues that, at the time the cause of action arose, Cardin France conducted business in New York through its subsidiary, Cardin USA, and that her claim arose out of that New York business.
A foreign corporation is amenable to suit in New York pursuant to CPLR §301 if it is doing business here at the time an action is commenced. See Huxley Barter Corp v. Considar, Inc., 216 AD2d 24 (1st Dept. 1995); Lancaster v. Colonial Freight line, Inc., 177 AD2d 152, 157 (1st Dept. 1992). Plaintiff alleges, on information and belief, that Cardin France currently enters into trademark licensing agreements with licensees headquartered in New York and that Cardin France maintains a bank account in New York. Defendant asserts, on the other hand, that it maintains no office or employees in New York, that, with a few exceptions, all licenses worldwide are negotiated and executed in France, and that neither Cardin France nor Mr. Cardin himself do business in New York. Mr. Cardin states that he travels to New York once or twice a year on behalf of Cardin France.
Neither the presence of a bank account, nor Mr. Cardin's occasional trips into New York are sufficient to establish general jurisdiction over either French defendant under CPLR §301. Fremay v. Modern Plastic Machine Corp., 15 AD2d 235, 241 (1st Dept. 1961); Nasso v. Seagal, 263 F. Supp.2d 596, 611 (E.D.N.Y. 2003). From the record presented on the motion, it is clear that, at the time this action was commenced, defendants no longer "maintain[ed] a permanent and continuous presence in New York," Holness v. Maritime Overseas Corp. 251 AD2d 220, 222 (1st Dept. 1998), such as would warrant the assertion of general jurisdiction over it pursuant to §301. Duffy v. Grand Circle Travel, Inc., 302 AD2d 324 (1st Dept. 2003); cf., Georgia-Pacific Corp. v. Multimark's Int'l, Ltd., 265 AD2d 109 (1st Dept. 2000).
Plaintiff also asserts that jurisdiction lies in this action because at the time her claims arose, Cardin France purposefully transacted business in New York through Cardin USA, from which business plaintiff's claims arise, establishing the basis for long arm jurisdiction under §302(a). She contends that the parent corporation should not be insulated from liability for its New York acts because, although it was set up as a separate corporate entity, Cardin USA in fact served as a mere department of the French entity.
The insulating corporate veil may be pierced and New York jurisdiction asserted over the French company if the French and American companies were actually operated as one integrated enterprise. In determining whether this is the case, New York courts look at four factors, Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp., 751 F.2d 117, 120-21 (2d Cir. 1984) and cases cited therein. The first factor, essential to a finding of jurisdiction, is common ownership. Here, all of the stock of Cardin USA was owned by Cardin France. Of the three additional important considerations, the second is financial dependency According to plaintiff's uncontradicted statement, US licensing royalties were paid either directly to Cardin France or to Cardin USA, and some were deposited in Cardin France's New York bank account. That bank [*3]account was used to pay the operations and payroll of Cardin USA, which plaintiff alleges had no independent income. The third and fourth factors are generally the extent to which officers or directors of the parent corporation control the activities of the subsidiary. According to plaintiff, during her 20 year tenure at Cardin USA, Cardin USA's employees were in regular communication with Cardin France's Licensing Director for English-speaking countries and with Cardin France's United States attorney, so that business was overseen by the parent company. She further asserts that Mr. Cardin made hiring decisions for Cardin USA.
Particularly given its financial dependence on the parent corporation, the wholly owned New York subsidiary of Cardin France appears to have served as a mere department of the parent, performing functions that Cardin France would perform if it were present, so that New York long arm jurisdiction would be appropriate. See, Huxley Barter Corp. v. Considar, Inc., et al., 216 AD2d 24 (1st Dept. 1995).
Exercise of New York jurisdiction over the French company based on the acts of Cardin USA does not offend principles of due process. Cardin USA was established to administer and enforce Cardin France's United States trademark licenses. In opening and staffing an office in New York for its' U.S. business, Cardin France established minimum contacts with New York such that it could "reasonably anticipate" that resulting employment issues would be subject to local employment regulation before New York courts. See, JDC Finance Co. 1, L.P. v. Patton, 284 AD2d 164, 166-67 (1st Dept. 2001). Given the financial and managerial relationship between Cardin France and the subsidiary that employed plaintiff, as well as the nature of the action, a sufficient basis has been established to give this court jurisdiction over the parent company for plaintiff's claims of employment discrimination pursuant to CPLR §302(a).
In addition to its jurisdictional challenge, defendants urge that plaintiff's case should be dismissed against the French corporate and individual defendants for failure to state a claim, asserting that neither employed the plaintiff. With respect to the corporate defendant, viewing plaintiff's factual statements in their most favorable light, the facts raise an issue of Cardin France's liability for employment discrimination allegedly committed by Cardin USA, under the "single employer doctrine." Murray v. Miner, 74 F3d 402 (2d Cir. 1996). By her pleadings, plaintiff has raised an issue as to whether Cardin USA and Cardin France were in fact a single employer subject to joint liability for employment-related acts. Yoder v. Novo Mediagroup, Inc., 2001 U. S. Dist. LEXIS 586 (S.D.N.Y.). Defendant Cardin France has not therefore established, as it must on this motion, that plaintiff cannot possibly succeed upon any reasonable view of the facts. Defendant's motion to dismiss is therefore denied with respect to Cardin France.
With respect to the individual defendant, there is no allegation of personal conduct from which jurisdiction may be asserted over Mr. Cardin. Unless a basis for of piercing the corporate veil is established, he cannot be held personally liable for alleged corporate improprieties. Plaintiff alleges in her complaint, on information and belief, that Mr. Cardin was the "founder, principal shareholder, chairman and chief executive officer of Cardin USA," [Complaint, para. 9]. The complaint further reflects that plaintiff was initially hired and later fired by Cardin USA, and that Cardin USA paid her less than male employees [Complaint, paras. 13 & 21]. According to the complaint, during her tenure at Cardin USA plaintiff initially worked under the USA licensing coordinator, and in 1990 was promoted to Licensing Coordinator USA, where she reported to Mr. Cardin. There is no allegation, however, that Mr. Cardin set her salary or the [*4]salaries of other Cardin USA employees who were alleged to have been paid more than plaintiff for comparable work.
 Defendants have demonstrated by sworn affidavits on the motion that at the time relevant to the action, Mr. Cardin was neither an officer, director or shareholder of Cardin USA, nor was he its' founder. In response to the motion, plaintiff now asserts that Mr. Cardin hired her and set her salary.
A review of plaintiff's claims against Mr. Cardin, even as augmented on the motion, fails to adduce facts from which jurisdiction might be based. There is no allegation that Mr. Cardin personally engaged in employment discrimination or other tortous conduct with an impact in New York. Absent an allegation of improper motive or conduct, termination of an employee at will does not state a cause of action. See, Horn v. New York Times, 100 NY2d 85 (2003).
 Plaintiff cross moves for discovery pursuant to CPLR §3211(d). Viewing plaintiff's allegations in the light most favorable to plaintiff's assertion of jurisdiction over Mr. Cardin, there is nothing to suggest the existence of any facts unavailable to plaintiff that would provide a basis for such jurisdiction. The complaint contains no factual allegations that would form a colorable basis for piercing the corporate veil to assert New York jurisdiction over Pierre Cardin personally. In the absence of any articulated grounds, this court declines to subject the individual defendant to a discovery proceeding in the hope that some basis for personal jurisdiction/liability for allegedly improper corporate conduct will surface. DeCapriles v. Lugo, 293 AD2d 405 (1st Dept. 2002); Lamarr v. Klein, 35 AD2d 248 (1st Dept. 1970) aff'd. 30 NY2d 757 (1972). 
Plaintiff's further demand to amend the complaint is denied, there being no indication of what amendment is proposed..
The motion to dismiss is granted with respect to defendant Pierre Cardin. For the foregoing reasons it is hereby
ORDERED that defendants' motion to is granted to the extent that the complaint against Pierre Cardin is hereby severed and dismissed for lack of jurisdiction, and denied with respect to defendant S.A.R.L. de Gestion Pierre Cardin, and it is further
ORDERED that plaintiff's cross-motion for discovery pursuant to CPLR §3211(d) and/or to amend the complaint is denied and it is further
ORDERED that the remainder of the action shall continue, and defendant S.A.R.L. de Gestion Pierre Cardin shall serve and file its' answer within 10 days after service of a copy of this order with notice of entry pursuant to CPLR §3211(f).
Dated: May 4, 2004
New York, N.Y.
ENTER:
__________________________
Saralee Evans, J.S.C.