■ GLEN A. SWEENEY, as Executor of VALERIE SWEENEY, Deceased, et al., Appellants, v HERTZ CORPORATION et al., Respondents. [672 NYS2d 342] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered February 21,

1997, which granted the motion of defendant Ford Motor Company and the cross-motion of defendant The Hertz Corporation to dismiss the action, pursuant to CPLR 327, on the ground of forum non conveniens on condition defendants agree to accept process in North Carolina, unanimously reversed, on the law, without costs, the motion and cross-motion denied, the complaint reinstated and the matter remanded for further proceedings.

Where plaintiffs are all New York residents, the deceased passenger was a New York resident, the minivan was driven by a New York resident and was rented in New York by a New York resident and was to be returned here, and the defendants are authorized to do business in New York, the fact that the one-car accident occurred in North Carolina and the police and emergency personnel witnesses and the medical examiner reside there does not warrant dismissal on forum non conveniens grounds.

It is well settled that a plaintiff's choice of forum should not be disturbed absent a balance of factors strongly favoring the defendants and, although the residence of a plaintiff is not the sole determining factor on a motion to dismiss on grounds of forum non conveniens, it is generally " ' "the most significant factor in the equation" ' [citation omitted]" (*Cadet v Short Line Term. Agency*, 173 AD2d 270). The IAS Court's reliance upon *Bader & Bader v Ford* (66 AD2d 642, *appeal dismissed* 48 NY2d 649) was misplaced inasmuch as that was a stockholder derivative action in which all the material events took place in Michigan, Indonesia and the Philippines. This Court found that action to be a species of " 'imported litigation' " (*supra,* at 647), a characterization that certainly does not apply to the within action. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.