■ JAMES NICHOLSON, Respondent, v PFIZER, INC., Appellant. [717 NYS2d 593] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 6, 2000, which denied defendant's motion to dismiss the complaint on the ground of forum non conveniens, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, and the motion granted, on condition that defendant complies with the representations of Babette Danadio in an affidavit dated February 15, 2000 that it will make any New York employee who could have been subpoenaed reasonably available for trial in New Jersey, that all discovery taken in the case to date may be used in a New Jersey action, that it adheres to the discovery schedule previously established, and that the defense of Statute of Limitations will be deemed to have been tolled during the time this action was pending in New York.

Plaintiff, a New Jersey resident, claims that he suffered congestive heart failure as a result of ingesting Viagra during clinical trials of the drug. The trials were coordinated in Groton, Connecticut, and administered at the Joslin Center for Diabetes, located in Princeton, New Jersey. Although plaintiff initially became ill and was hospitalized in Florida, he returned to New Jersey, where he received further medical care. It is uncontroverted that plaintiff's treating physicians, including those who treated his diabetic condition, are located in New Jersey, and beyond the reach of New York's subpoena power. In view of this, defendant established its entitlement to dismissal of this action on the ground of forum non conveniens (see, Islamic Republic of Iran v Pahlavi, 62 NY2d 474, cert denied 469 US 1108). Concur—Mazzarelli, J. P., Rubin, Buckley and Friedman, JJ.