■ CONTINENTAL INSURANCE COMPANY, Respondent, v GARLOCK SEALING TECHNOLOGIES, LLC, et al., Appellants. [805 NYS2d 18]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered on or about April 22, 2005, which, to the extent appealed from as limited by the brief, denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (4) or CPLR 327, unanimously affirmed, with costs.

Defendants did not demonstrate, in support of their motion to dismiss on the ground of forum non conveniens, that the interests of substantial justice would be served by moving the action to the proposed alternative forum of Pennsylvania (*see* CPLR 327; *Grizzle v Hertz Corp.*, 305 AD2d 311, 312 [2003]). Indeed, our review of the record (*see Phat Tan Nguyen v Banque Indosuez*, 19 AD3d 292, 294 [2005]) indicates that there is a substantial nexus between this action and New York, five of the insurance policies at issue having been issued, negotiated, brokered and paid for here and the circumstances giving rise to the underlying actions having in large part occurred here (*see Seneca Ins. Co. v Lincolnshire Mgt.*, 269 AD2d 274, 275 [2000]; *Employers Ins. of Wausau v American Home Prods. Corp.*, 207 AD2d 1, 2 [1994]). Defendants made no showing that retention of the action would unduly burden New York courts (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]). While any choice of law issues presented by this litigation are not yet ripe for adjudication, New York courts would be perfectly capable of and would not be unduly burdened by applying Pennsylvania law, should the need arise (*see Yoshida Print. Co. v Aiba*, 213 AD2d 275 [1995]).

In view of this action's strong connection to this jurisdiction, the motion court properly exercised its discretion in declining to grant that branch of defendants' motion seeking dismissal of the action on the ground that another similar action between the parties, temporally proximate to this one, is pending in Pennsylvania (*see* CPLR 3211 [a] [4]; *and see San Ysidro Corp. v Robinow*, 1 AD3d 185, 187 [2003]; *White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 93 [1997]). Concur—Tom, J.P., Andrias, Friedman, Sullivan and Malone, JJ.