■ HUDSON INSURANCE COMPANY et al., Respondents, v M.J. OPPENHEIM, Appellant. [827 NYS2d 16]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 11, 2006, which denied defendant's motion to dismiss for lack of personal jurisdiction or on the ground of forum non conveniens, unanimously affirmed, with costs.

Defendant, served with process as the representative of an insurer syndicate that subscribed to a fidelity bond that is part of a comprehensive insurance policy, is subject to jurisdiction in New York as a result of his principals having insured the loss of a New York resident (CPLR 302 [a] [1]), namely, plaintiff Hudson, a subsidiary of plaintiff Fairfax. Although the policy was purchased by Fairfax, a Canadian corporation, it defines "Assured" to include Fairfax's subsidiaries. Due process is not offended since the bond applies to losses "anywhere in the world," so the insurers should have reasonably expected to defend an action in New York. There being jurisdiction under CPLR 302 (a) (1), it is immaterial whether there is also jurisdiction under CPLR 301 or CPLR 302 (a) (2) and (3); whether defendant represents all of the subscribing insurers, an issue, we note, that defendant improperly raised for the first time in his reply (*see Schulte Roth & Zabel, LLP v Kassover*, 28 AD3d 404 [2006]); whether the permissive service of suit clause, allowing service on defendant in Canada, is void as against public policy, an issue, we note, that defendant improperly raised for the first time on appeal (*see Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276 [1988]); and what effect, if any, such clause has on jurisdiction, although we do note that the clause purports merely to provide a method for due process notice, and not a basis for jurisdiction (*see Keane v Kamin*, 94 NY2d 263, 265 [1999]).

Defendant fails to carry his "heavy" burden of challenging

plaintiffs' selection of forum (*see Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A.*, 26 AD3d 286, 287 [2006]; *Sweeney v Hertz Corp.*, 250 AD2d 385, 386 [1998] [plaintiff's choice of forum should not be disturbed absent a balancing of factors "strongly favoring" defendant]). There is a sufficient nexus with this jurisdiction, namely, a loss suffered by Hudson. There is no claim of hardship to either witnesses or to defendant, plaintiffs aptly questioning how it would be more convenient for London entities to litigate in Canada, and the motion court aptly questioning the fairness of expressly insuring plaintiffs' interests "all over the world" while at the same time attempting to restrict litigation to a Canadian forum without an effective forum selection clause. There is no undue burden on our courts, which routinely adjudicate commercial disputes of this nature (*see Georgia-Pacific Corp. v Multimark's Intl.*, 265 AD2d 109, 112 [2000]). Under the circumstances, the availability of a forum in Canada is of no consequence. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.