■ TRAVELERS CASUALTY AND SURETY COMPANY, Respondent, v HONEYWELL INTERNATIONAL INC., Appellant, and EMPLOYERS INSURANCE COMPANY OF WAUSAU et al., Respondents, et al., Defendants. [851 NYS2d 426]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered September 12, 2006, which denied defendant Honeywell's motion to dismiss the action on grounds of forum non conveniens or to stay the action until resolution of an action pending in New Jersey, unanimously affirmed, with costs. Order, same court and Justice, entered December 11, 2006, which, to the extent appealed from, denied Honeywell's motion to dismiss or stay the cross claims of defendants Employers of Wausau, Evanston, First State, Hartford Accident & Indemnity, MidStates ReInsurance, National Casualty, New England Reinsurance, Republic and Twin City Fire (the insurer defendants) on similar grounds, unanimously affirmed, with costs.

The common-law doctrine of forum non conveniens, now codified in CPLR 327, permits a court to dismiss an action when, in the interest of substantial justice, it should be heard in another forum. "The burden rests upon the defendant challenging the forum to demonstrate relevant private or public interest factors which militate against accepting the litigation," among which are "the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit . . . . The court may also consider that both parties to the action are nonresidents and that the transaction out of which the cause of action arose occurred primarily in a foreign jurisdiction," (*Islamic Republic of*

*Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985] [citation omitted]), although a defendant's "heavy burden" remains despite the plaintiff's status as a nonresident (*Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A.*, 26 AD3d 286, 287 [2006]).

Honeywell failed to demonstrate, in support of its motion to dismiss for forum non conveniens, that the interests of substantial justice would be served by moving the action to New Jersey. To the contrary, the record indicates that there is a substantial nexus between this action and New York, as most of the insurance policies at issue were issued, negotiated and brokered here (*see Continental Ins. Co. v Garlock Sealing Tech., LLC*, 23 AD3d 287 [2005]), and the circumstances giving rise to the underlying actions largely occurred here (*see Seneca Ins. Co. v Lincolnshire Mgt.*, 269 AD2d 274, 275 [2000]). Moreover, while the choice-of-law issues presented by this litigation have not yet been adjudicated, New York courts are capable of applying New Jersey law should that necessity arise (*see Yoshida Print. Co. v Aiba*, 213 AD2d 275 [1995]).

In view of this action's connection to New York, that branch of Honeywell's motion for dismissal on the ground that a similar action is pending in New Jersey was properly denied (*see* CPLR 3211 [a] [4]; *San Ysidro Corp. v Robinow*, 1 AD3d 185, 187 [2003]). Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ.