OPINION OF THE COURT
Per Curiam.
Order entered November 14, 2007, reversed, with $10 costs, motion denied and complaint reinstated.
In this action to recover uninsured motorist benefits arising out of a vehicular accident which occurred in Bronx County, defendant moved for, and was granted, summary dismissal of the complaint on the ground that the forum selection clause in the governing automobile insurance policy mandated the removal of the action to Connecticut. While the first paragraph of the policy’s forum selection clause provides that “[s]ubject to the following two paragraphs . . . any and all lawsuits in any way related to this policy, shall be brought . . . only in a state or federal court located in Connecticut,” the second paragraph states that if a “covered auto accident . . . happens outside Connecticut, lawsuits regarding that covered auto accident . . . may also be brought in the judicial district where that . . . covered auto accident. . . happened.” When the whole clause is read in context, it is clear that plaintiffs were entitled to bring suit in the judicial district where the accident occurred. Accordingly, dismissal of the action, insofar as it rested on the policy’s forum selection clause, was improper.
Upon our review of the record (see Ghose v CNA Reins. Co. Ltd., 43 AD3d 656, 660 [2007]), we find that defendant *73 failed to “carry [its] ‘heavy’ burden of challenging plaintiffs’ [choice] of forum” (Hudson Ins. Co. v Oppenheim, 35 AD3d 168, 168-169 [2006]). Although defendant’s insured is a Connecticut resident, there is a substantial nexus to this jurisdiction, it being uncontroverted that plaintiffs are all residents of New York (see Sweeney v Hertz Corp., 250 AD2d 385 [1998]; see also Hudson Ins. Co. v Oppenheim, 35 AD3d 168 [2006]), and that the accident occurred in New York (see Hoogenboom v Gilmore, 278 AD2d 895 [2000]). Nor has defendant shown any potential hardship in defending the action in New York. While the choice-of-law issues presented by this litigation have not yet been adjudicated, New York courts are capable of applying Connecticut law should that necessity arise (see Travelers Cas. & Sur. Co. v Honeywell Intl. Inc., 48 AD3d 225, 226 [2008]; Continental Ins. Co. v Garlock Sealing Tech., LLC, 23 AD3d 287 [2005]).
McKeon, EJ., Schoenfeld and Heitler, JJ., concur.