■ BEVERLY ANN AVERY et al., Appellants, v PFIZER, INC., Respondent. [891 NYS2d 369]—

All of the above plaintiffs, except Charles M. Wilson, have stipulated to a conditional dismissal of their respective complaints based on the court's reasoning in dismissing Wilson's complaint, as they are similarly situated to Wilson. Wilson, who allegedly suffered injuries as a result of his use of defendant's drug Lipitor, is a resident of Georgia; his physician who recommended and prescribed the drug, and on whose recommendation Wilson solely relied, lives in Georgia; Wilson ingested the drug in Georgia and suffered his injuries in Georgia; all of Wilson's treating physicians are in Georgia; and all of Wilson's witnesses are in Georgia. Under these circumstances, the court properly granted defendant's motion (*see Nicholson v Pfizer, Inc.*, 278 AD2d 143 [2000]; *see generally Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). Plaintiffs' "bare assertion[s]" of fraud (*Devore v Pfizer Inc.*, 58 AD3d 138, 143 [2008], *lv denied* 12 NY3d 703 [2009]), allegedly committed at defendant's corporate headquarters in New York, are insufficient to create a substantial nexus with New York outweighing the compelling reasons for dismissal. We decline to disregard the traditional forum non conveniens factors in favor of a "mass tort litigation" approach (*see e.g. Matter of OxyContin II*, 23 Misc 3d 974 [Sup Ct, Richmond County 2009]). Nor do we find defendant's alleged delay in making this motion sufficient to warrant its denial. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.