■ OrthoTec, LLC, Appellant, v Healthpoint Capital, LLC, et al., Respondents, et al., Defendant. [924 NYS2d 78]—

Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered November 27, 2009, dismissing the amended complaint against defendants Healthpoint Capital, LLC, John Foster, Mortimer Berkowitz, III, Healthpoint Capital Partners, LP, and Healthpoint Capital Partners II, LP pursuant to CPLR 3211 (a) (5), unanimously reversed, on the law, with costs, and the amended complaint reinstated.

The instant action is not barred by collateral estoppel. "[T]he prior denial of a motion in the underlying case to set aside a default and default judgment has no collateral estoppel effect to bar an independent action in equity directly attacking the prior judgment" (*Groves v Peterson*, 100 Cal App 4th 659, 661, 123 Cal Rptr 2d 164, 165 [2002] [emphasis omitted]).* Although plaintiff cites no case where this principle was applied to a motion to add a judgment debtor and a subsequent plenary action, defendants do not contest plaintiff's extension of the rule. In any event, the rationale for the rule (*see Groves*, 100 Cal App 4th at 667-668, 123 Cal Rptr 2d at 170) applies to a motion to add a judgment debtor.

To be sure, "collateral estoppel will bar the subsequent independent action . . . if . . . the moving party *was in fact given a hearing* on the motion *that was the equivalent of a trial with oral testimony*" (100 Cal App 4th at 668, 123 Cal Rptr 2d at 170-171 [emphasis added]). However, plaintiff was not given such a hearing. It was given the *opportunity* for a hearing, but it chose not to exercise that opportunity.

Defendants' reliance on *Barker v Hull* (191 Cal App 3d 221, 226, 236 Cal Rptr 285, 289 [1987]) is unavailing, since the evidence on the motion which led to the decision to which defendants seek to give preclusive effect was indeed restricted.

We do not find that "in the interest of substantial justice the action should be heard in" France (*see* CPLR 327 [a]). "Generally, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" (*Anagnos-*

---

* The preclusive effect of a California decision is governed by California law (*see Ionescu v Brancoveanu*, 246 AD2d 414, 416-417 [1998]).

*tou v Stifel*, 204 AD2d 61, 61 [1994] [internal quotation marks and citations omitted]). This is true even though plaintiff is not a New York resident (*see Travelers Cas. & Sur. Co. v Honeywell Intl. Inc.*, 48 AD3d 225, 226 [2008]; *Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A.*, 26 AD3d 286, 287 [2006]). The fact that defendants are New York residents weighs against forum non conveniens dismissal (*see e.g. Anagnostou*, 204 AD2d at 62). Even if some documents will have to be translated from French into English, that does not require dismissal (*see e.g. American BankNote Corp. v Daniele*, 45 AD3d 338, 340 [2007]). Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.