■ CENTURY INDEMNITY COMPANY et al., Appellants, v LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents, et al., Defendants. [966 NYS2d 410]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered August 1, 2011, which to the extent appealed from, granted the motions by defendants Warren Pumps LLC and Liberty Mutual Insurance Company to dismiss the complaint on forum non conveniens grounds, unanimously affirmed, with costs.

This is an action for a judgment declaring the extent to which Liberty Mutual is obligated to defend and indemnify defendant Warren Pumps LLC under certain primary liability insurance policies issued before 1970 (the Warren Only Policies). Plaintiffs are excess carriers who claim to have been exposed to substantial liability by reason of Liberty Mutual's settlement of a large number of asbestos-related claims for a nominal sum.

The Warren entities are alleged to have manufactured pumps that contained asbestos in Massachusetts, their principal place of business. Warren Pumps, Inc. became a wholly-owned subsidiary of nonparty Houdaille Industries, Inc. in 1972. In 1979, Warren Pumps, Inc. was merged into and became an operating division of Houdaille. In 1985, Houdaille sold Warren Pumps' assets to W.P., Inc. which changed its name to Warren Pumps Inc. and converted to what is now defendant Warren, a limited liability company organized under the laws of Delaware.

The insurance policies that are relevant to this appeal are (a) general liability and excess umbrella liability policies issued by Liberty Mutual to Houdaille between 1972 and 1985, under which Warren and Viking each claimed to have been entitled to coverage (the Houdaille Policies); (b) the Warren Only Policies that were allegedly issued by Liberty Mutual between 1936 and 1965 and undisputedly issued by the same carrier between 1966 and 1968; and (c) excess liability policies issued by excess insurers, including plaintiffs, between 1972 and 1985, under which Warren and Viking seek coverage (the Excess Policies).

Since approximately 1987, Warren and Viking have been named as defendants in numerous personal injury and wrongful death lawsuits throughout the country. It was alleged in these suits that injury or death was caused by exposure to asbestos

contained or used in pumps manufactured by Warren or Viking, as the case may be. Liberty Mutual has defended and indemnified Warren and Viking in these suits pursuant to the coverage afforded under the respective policies. In June 2005, Viking brought an action against Liberty Mutual in the Delaware Court of Chancery, New Castle County. Warren was added as a defendant in that action in November 2005. Viking alleged in that suit that its available coverage under the Houdaille Policies was inequitably depleted by Liberty Mutual's settlement of claims against Warren. In December 2005, Warren brought its own action in the Superior Court of Massachusetts, Worcester County suing Liberty Mutual, plaintiffs in this action and other excess carriers. The relief Warren sought in the Massachusetts action was a judgment declaring the respective carriers' obligations under the Warren Only Policies, the Houdaille Policies and the Excess Policies. By order dated May 25, 2006, the Superior Court (Bruce R. Henry, J.), stayed Warren's Massachusetts action pending the completion of what the parties have dubbed "Phase I" of the Delaware action (*Warren Pumps, LLC v Liberty Mut. Ins. Co.*, 2006 WL 1646114, 2006 Mass Super LEXIS 243 [Super Ct Mass, May 25, 2006, No. 0502322C]). By subsequent order the court stayed the Massachusetts action pending the resolution of the entire Delaware action.

At Phase I, the issue before the Delaware Chancery Court involved Warren's rights as an insured under the Houdaille policies (*Viking Pump v Century Indem. Co.*, 2 A3d 76, 85 [Del Ch 2009]). In the Delaware action, Warren cross-claimed against Liberty Mutual and filed a third-party complaint against plaintiffs and other excess carriers. Liberty Mutual eventually entered into settlement agreements with Viking and Warren. The settlement with Warren encompassed Liberty Mutual's obligations to defend and indemnify Warren under the Warren Only and Houdaille Policies. Consequently, and with no objection by plaintiffs, stipulations of settlement dismissing Warren's claims against Liberty Mutual were filed before the Delaware and Massachusetts courts. Unaffected by the settlements, Warren's and Viking's third-party claims against plaintiffs and the other excess insurers proceeded under Phase II of the Delaware action.

On October 14, 2009, the Delaware Court of Chancery granted summary judgment in favor of Warren and Viking, setting forth the method of allocation of liability under the excess policies (*Viking Pump*, 2 A3d at 130). By letter dated March 17, 2010, the excess insurers' counsel wrote the Chancery Court requesting a conference and outlining outstanding issues that included

" 'Old Warren' Coverage." Plaintiffs commenced this action on April 27, 2010. In June 2010, the Delaware Chancery Court transferred the Delaware action to the Delaware Superior Court where it remains pending.

In dismissing the complaint on forum non conveniens grounds, the motion court concluded that the prosecution of this action in New York would pose a hardship to defendants and unnecessarily burden the courts of this State. The court also considered the residencies of the parties and the absence of a significant nexus to New York. We affirm.

The doctrine of forum non conveniens, as codified under CPLR 327, permits a court to stay or dismiss an action "where it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). The doctrine rests on considerations of justice, fairness and convenience (*id.* at 479). The complaint in this action calls for a judgment declaring Liberty Mutual's "obligations to pay defense costs and indemnity for the underlying asbestos claims." Plaintiffs also allege, in support of their contribution claim, that Liberty Mutual paid "inadequate compensation" in settling the underlying asbestos claims under the Warren Only Policies. As acknowledged in plaintiffs' brief, an issue in the Delaware action is whether Warren's primary insurance policies (including those issued by Liberty Mutual) were exhausted. It is inescapable that the issue of Liberty Mutual's indemnity and defense obligations set forth in the instant complaint is inextricably tied to the issue of whether Warren's coverage was exhausted under its policy with Liberty Mutual. Although Liberty Mutual is no longer a party to the Delaware action, it would be burdensome and wasteful to unnecessarily require Warren to litigate intertwined issues in two different fora. On the other hand, it would not be a burden for plaintiffs to assert the claims they now make in the Delaware action in which they are already third-party defendants.

The subject matter of this action—insurance coverage for liability relating to the manufacture of products in Massachusetts—has no substantial connection to New York. When the policies were issued, Warren was a Massachusetts corporation and had its principal place of business in that state. Liberty Mutual, the insurer under the policies at issue, is a Massachusetts corporation that has its principal place of business in that state. Both plaintiffs are foreign corporations that maintain their principal places of business in other states. Plaintiffs place undue reliance on *Travelers Cas. & Sur. Co. v Honeywell Intl.*

*Inc.* (48 AD3d 225 [1st Dept 2008]), which it cites for the proposition that forum non conveniens should be denied because the policies at issue were sold in New York. Plaintiffs' argument overlooks the fact that the *Travelers* Court also weighed the distinguishing factor that "the circumstances giving rise to the underlying actions largely occurred here" (*id.* at 226). For the same reason, we are unpersuaded by plaintiffs' citation to *Continental Ins. Co. v Garlock Sealing Tech., LLC* (23 AD3d 287 [1st Dept 2005]). In sum, the court properly granted defendants' motion to dismiss on forum non conveniens grounds after considering the relevant factors (*see Pahlavi*, 62 NY2d at 479). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz and DeGrasse, JJ.