■ THOR GALLERY AT SOUTH DEKALB, LLC, Appellant, v RELIANCE MEDIAWORKS (USA) INC., Formerly Known as ADLABS FILMS USA, INC., Respondent. [15 NYS3d 766]—

Order, Supreme Court, New York County (Nancy Bannon, J.), entered on or about October 21, 2014, which granted defendant's motion to dismiss the complaint on forum non conveniens grounds, and denied plaintiff's motion for summary judgment as academic, unanimously reversed, on the law and the facts, with costs, defendant's motion denied, and the matter remanded for consideration of plaintiff's cross motion for summary judgment.

The motion court properly exercised its discretion in considering defendant guarantor's forum non conveniens motion before plaintiff landlord's summary judgment motion, since the former required a determination regarding whether or not it was "in the interest of substantial justice" to retain jurisdiction over this action (CPLR 327; *accord Anagnostou v Stifel*, 204 AD2d 61 [1st Dept 1994]). However, upon considering the motion on its merits, we find that the motion court abused its discretion in dismissing this case on forum non conveniens grounds.

Generally, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" (*Waterways Ltd. v Barclays Bank PLC*, 174 AD2d 324, 327 [1st Dept 1991], quoting *Gulf Oil Corp. v Gilbert*, 330 US 501, 508 [1947]).

"The burden rests upon the defendant challenging the forum to demonstrate relevant . . . factors which militate against accepting the litigation and the court, after considering and

balancing the various competing factors, must determine in the exercise of its sound discretion whether to retain jurisdiction or not" (*Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985] [citations omitted]). "Among the factors to be considered are the burden on the New York courts, the potential hardship to the defendant, and the unavailability of an alternative forum" (*id.*).

The court may also consider the residency of the parties and where the transaction out of which the case arose occurred (*see id.*). "No one factor is controlling . . . [t]he great advantage of the rule of *forum non conveniens* is its flexibility based upon the facts and circumstances of each case" (*id.* [citations omitted]). Here, there is a substantial nexus to New York.

"Although the residence of a plaintiff is not the sole determining factor on a motion for dismissal on grounds of *forum non conveniens*, it has been held to generally be the most significant factor in the equation" (*Cadet v Short Line Term. Agency*, 173 AD2d 270, 270 [1st Dept 1991] [citations and internal quotation marks omitted]). As the motion court acknowledged, in this case *both* parties are authorized to do business in New York and the plaintiff's principal place of business is in New York. While the real property that is the subject of the lease and guaranty is located in Georgia, the actual property is not at issue in this case. In any event, the lease was actually executed in New York and some of the correspondence was sent to the nonparty tenant at a New York address. Moreover, the guaranty which is the subject of this litigation was executed in New Jersey and the defendant guarantor, a New Jersey corporation with its principal executive office in New Jersey, does not conduct any business in Georgia. While counsel for the nonparty tenant submitted an affidavit listing several potential witnesses who are located in either Georgia *or* Tennessee, there is no indication as to what knowledge these proposed witnesses have relating to the issues in this case, or whether they would even testify.

Further, the motion court incorrectly identified the guaranty's forum selection clause as "binding," when it is, in fact, permissive, i.e., it provides that "all disputes arising . . . or relating to this Guaranty . . . may be adjudicated in the state courts of Georgia sitting in the county in which the Premises are located, . . . or the federal courts sitting in the County."

Finally, the guaranty's choice of law provision, which provides for the application of Georgia law, does not justify a dismissal of this case on forum non conveniens grounds, since New York courts are more than capable of applying the laws of

other jurisdictions (*see Travelers Cas. & Sur. Co. v Honeywell Intl. Inc.*, 48 AD3d 225, 226 [1st Dept 2008]), and often do. This does not create any undue burden on New York courts. Nor does defendant set forth any other reasons establishing that it would be inconvenient to litigate in New York.

Accordingly, defendant did not sustain its burden of showing that "although jurisdictionally sound," this case "would be better adjudicated elsewhere" (*Islamic Republic*, 62 NY2d at 479). Concur—Gonzalez, P.J., Tom, Friedman and Kapnick, JJ.