◼ THOR GALLERY AT SOUTH DEKALB, LLC, Appellant, v RELIANCE MEDIAWORKS (USA) INC., Formerly Known as ADLABS FILMS USA, INC., Respondent. [39 NYS3d 16]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about February 22, 2016, which denied plaintiff's cross motion for summary judgment, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of plaintiff in the amount sought.

Contrary to the findings of the motion court, plaintiff established prima facie the existence of the lease and the guaranty, through an affidavit by its CFO, and the tenant's failure to pay the rent, the amount of the underpayment, and the calculation of the amounts due under the lease, through the CFO's affidavit and an affidavit by plaintiff's manager of accounts receivable, which included a table of all payments by the tenant (*see Reliance Constr. Ltd. v Kennelly*, 70 AD3d 418 [1st Dept 2010], *lv dismissed* 15 NY3d 848 [2010]). As defendant offered no evidence in opposition, plaintiff is entitled to judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]).

Defendant's assertion that there may have been other, undocumented payments is mere speculation. Its contention that the validity of the notice of default should be determined in a subsequently filed action between the tenant and plaintiff is contrary to our prior ruling in this action, in which we reversed the dismissal of the complaint on the ground of forum non conveniens and directed that the issues be resolved here (131 AD3d 431 [1st Dept 2015]). No issue of fact exists as to the validity of the notice of default since the record demonstrates that the tenant was not current with the rent, as the lease required, when it purported to exercise early termination. Concur—Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.