New York Brooklyn Wholesale Ctr., Inc. v Sun (2019 NY Slip Op 04181)





New York Brooklyn Wholesale Ctr., Inc. v Sun


2019 NY Slip Op 04181


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-13008
 (Index No. 702143/17)

[*1]New York Brooklyn Wholesale Center, Inc., respondent,
v
Xiaoli Sun, et al., appellants.


Kevin Kerveng Tung, P.C., Flushing, NY (Ge Li of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered October 2, 2017. The judgment, upon an order of the same court dated July 12, 2017, inter alia, granting that branch of the plaintiff's motion which was for summary judgment on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of $218,097.60.
ORDERED that the judgment is affirmed, without costs or disbursements.
In or around May 2015, the plaintiff entered into a lease with nonparty RHS Grand, LLC (hereinafter RHS), to rent commercial premises from RHS (hereinafter the the Master Lease). On or about September 29, 2015, the plaintiff and the defendant Team Work Trading, Inc. (hereinafter Team Work), entered into a sublease, in which the plaintiff agreed to sublet to Team Work part of the commercial premises (hereinafter the premises). In conjunction with the sublease, the defendant Xiaoli Sun, the president of Team Work, executed a personal guaranty, in which he unconditionally guaranteed the payment of all sums due under the sublease. Pursuant to the terms of the sublease, in the event of any default under the sublease, which would include the failure to pay rent when due, the plaintiff was "allowed all remedies provided by law or by [the] Master Lease by Landlord against Tenant." The Master Lease included a self-described "liquidated damages" provision obligating the tenant to pay, in the event of termination of the lease, the amount of rent reserved under the lease for the unexpired term less the amount collected in connection with a re-letting of the premises.
According to the plaintiff, on or about March 1, 2016, Team Work failed to pay rent in accordance with the terms of the sublease. As a result, on or about June 2, 2016, the plaintiff commenced a summary eviction proceeding in Civil Court, Queens County, and Team Work was subsequently evicted from the premises.
On or about September 28, 2016, the plaintiff commenced the instant action against the defendants, seeking, inter alia, to recover damages for breach of the sublease and the guaranty. The plaintiff moved for summary judgment, inter alia, on those causes of action, arguing that the defendants were liable for $218,097.60 in damages, plus interest from June 1, 2016, which represented the rent due under the terms of the sublease, legal fees, as well as liquidated damages. In opposition, the defendants contended that the plaintiff had not obtained approval for the sublease from RHS, and that the plaintiff had not provided a copy of the Master Lease to them. The [*2]defendants did not dispute the calculation of damages set forth in the plaintiff's motion papers. In an order dated July 12, 2017, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint. The court then entered judgment in favor of the plaintiff and against the defendants in the principal sum of $218,097.60. The defendants appeal.
On appeal, the defendants do not dispute their liability to the plaintiff. They argue only that there are triable issues of fact as to damages and that the "liquidated damages" clause is an unenforceable penalty. However, these contentions are improperly raised for the first time on appeal. In support of its summary judgment motion, the plaintiff set forth a prima facie case for the award of money damages; as the defendants offered no evidence in opposition, the plaintiff was entitled to judgment for the amount sought (see Thor Gallery at S. Dekalb,LLC v Reliance Mediaworks [USA], Inc., 143 AD3d 498).
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court