Flatiron 30 LLC v Continuum Co. LLC (2024 NY Slip Op 02590)

Flatiron 30 LLC v Continuum Co. LLC

2024 NY Slip Op 02590

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Manzanet-Daniels, J.P., Singh, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 653355/21 Appeal No. 2258 Case No. 2023-04040 

[*1]Flatiron 30 LLC, Plaintiff-Respondent,
v
The Continuum Company LLC, Defendant-Appellant.

Kucker Marina Winiarsky & Bittens, LLP, New York (Christopher McCann of counsel), for appellant.
Cutler Minikes & Adelman LLP, New York (Jonathan Z. Minikes of counsel), for respondent.

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered July 13, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff Flatiron 30 LLC's motion for summary judgment, unanimously affirmed, with costs.
In this commercial lease dispute, plaintiff established its entitlement to summary judgment on its claims of rent and additional rent based on defendant's breach of the lease agreement through the affidavit of its manager, who averred that he was involved in the management and leasing of the subject premises. Plaintiff showed that the parties had a valid lease requiring defendant to pay rent that defendant did not pay (see e.g. Thor Gallery At S. Dekalb, LLC v Reliance Mediaworks [USA] Inc., 143 AD3d 498 [1st Dept 2016]).
Defendant's assertions that the pandemic constituted a casualty under the lease necessitating an abatement and that plaintiff constructively evicted defendant do not preclude summary judgment. Defendant's casualty defense fails, as lease Section 22.01 encompasses destruction "by fire or other cause." This "does not contemplate loss of use due to a pandemic or resulting government lockdown" (Gap, Inc. v 170 Broadway Retail Owner, LLC, 195 AD3d 575, 577 [1st Dept 2021]). Defendant's arguments as to constructive eviction also fail. Defendant has failed to establish plaintiff's "wrongful acts [which] substantially and materially deprive[d] [defendant] of the beneficial use and enjoyment of the premises" (Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 83 [1970]).
We have considered the defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024