**Williamson v HAPN Holdings, Inc.**

2024 NY Slip Op 31692(U)

May 15, 2024

Supreme Court, New York County

Docket Number: Index No. 155908/2023

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LISA S. HEADLEY**      PART      **28M**

*Justice*

-----------------------------------------------------------------------------X

MELANIE WILLIAMSON, JOHN MICHAEL WILLIAMSON, DESMOND THEEL

                         Plaintiff,

                     - v -

HAPN HOLDINGS, INC.,

                         Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155908/2023 |
| **MOTION DATE** | 02/27/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for                      DISMISS             .

In the complaint, the plaintiffs, Melanie Williamson, individually and as Administrator of the Estate of decedent John Michael Williamson, John Michael Williamson, Sr., and Desmond Theel, as personal representative of the estate of decedent Sara Beck (collectively, "plaintiffs") allege that on February 26, 2022, the decedent Sara Beck's ex-paramour, Dustin Johnson, placed a Spytec GPS GL300 tracker, which was designed and manufactured by the defendant, on her vehicle in Belton, Missouri. Dustin Jackson then tracked Sara Beck's location with the Spytec GPS application on his phone to the decedent, John Michael Williamson's home in Lenexa, Kansas, where he killed both of them, and subsequently killed himself. On July 5, 2023, the plaintiffs commenced this action against defendant HAPN Holdings, Inc. formally known as Spytec GPS Inc. ("HAPN Holdings") for negligence, strict products liability, and negligent infliction of emotional distress.

Before the Court is the motion filed by defendant, HAPN Holdings, for an Order to dismiss the plaintiffs' Complaint, pursuant to *CPLR §327(a)*, for *forum non conveniens*, and alternatively, to dismiss the plaintiffs' causes of actions for negligence and negligent infliction of emotional distress in Counts 1, 2 and 4 of the Complaint, and for such other and further relief the Court deems just and proper. Plaintiffs filed opposition to the motion, and the defendant filed a reply.

On February 27, 2024, the Court held a virtual conference, and based upon the foregoing documents, the defendant's motion to dismiss is granted for the reasons stated herein.

## Motion to Dismiss on *Forum Non Conveniens* Grounds

*CPLR §327(a)* sets forth the standard for dismissal based on *forum non conveniens*. *"CPLR §327(a)* codifies the common-law doctrine of *forum non conveniens* and permits a court, in its discretion, to dismiss an action where 'it is determined that the action, although jurisdictionally

**155908/2023  WILLIAMSON, MELANIE ET AL vs. HAPN HOLDINGS, INC.**      **Page 1 of 4**
**Motion No.  002**

1 of 4

sound, would be better adjudicated elsewhere'." *Bangladesh Bank v. Rizal Commercial Banking Corp.,* 208 N.Y.S.3d 2, 15 (1st Dep't 2024) (internal citations omitted).

Specifically, *CPLR §327(a)* states:

"[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action."

"A plaintiff's choice of forum should rarely be disturbed, even when plaintiff is not a New York resident." *Id*; *see also*, *OrthoTec, LLC v. Healthpoint Capital, LLC*, 84 A.D.3d 702, 702, 924 N.Y.S.2d 78 (1st Dep't 2011). Therefore, a defendant seeking dismissal on *forum non conveniens* grounds has a "heavy burden of establishing that New York is an inconvenient forum and that a substantial nexus between New York and the action is lacking." *Elmaliach v. Bank of China Ltd.*, 110 A.D.3d 192, 208, 971 N.Y.S.2d 504 (1st Dep't 2013) (internal quotation marks omitted).

In support of the motion to dismiss, pursuant to *CPLR §327(a)*, the defendant argues that the facts in this case demonstrate that Kansas and/or Missouri is the proper venue for this suit, rather than New York. Defendant contends that HAPN Holdings is a domestic corporation duly organized under the laws of New York, however this action has no substantial nexus with the State of New York. Defendant argues that since the plaintiffs do not reside in New York, the decedents did not reside in New York, and the decedents' estates are not in New York, they do not have any connection to New York. Plaintiff Melanie Williamson resides in Kansas, and administers the estate of her son, decedent John Michael Williamson, who also was domiciled in Kansas when he died. Plaintiff Desmond Theel resides in Missouri, and administers the estate of his daughter, Sarah Beck, who was also domiciled in Missouri when she died.

Defendant argues that the First Department has held that "the residence of a plaintiff, while not the sole determining factor on a motion for dismissal on the grounds of *forum non conveniens* is generally the most significant factor in the equation." *See*, *Thor Gallery at South Dekalb, LLC v. Reliance Mediaworks (USA) Inc.*, 131 A.D.3d 431, 432 (1st Dep't 2015). Defendant also argues that litigating this action in New York is inappropriate because the sequence of events, and the "situs" of the crime occurred in Missouri or Kansas. Defendant emphasizes case law where New York courts have held dismissal was granted, in the Court's discretion, in a strict products liability personal injury action on the basis of *forum non conveniens* where the situs of the accident occurred in Ohio. *See*, *Avery v. Pfizer, Inc.,* 68 A.D. 3d 633, 634 (1st Dep't 2009).

In addition, the defendant contends that adjudicating this action in New York would present a substantial hardship to potential non-party witnesses and key witnesses, including members of the decedents' estate, and local law enforcement officials who are either in Missouri or Kansas. Defendant argues that this suit should proceed in Missouri or Kansas, because the New York connection in this case is minimal. Furthermore, defendant contends New York choice of law jurisprudence establishes that the governing tort law in this suit would not be New York law, but

155908/2023   WILLIAMSON, MELANIE ET AL vs. HAPN HOLDINGS, INC.          Page 2 of 4
Motion No.  002

2 of 4

Missouri or Kansas law. Therefore, this Court would bear the burden of applying another state's substantive law, which should be another factor to consider in favor of dismissal.

In opposition, plaintiffs contend that upon filing this action in New York, the parties conferred and plaintiffs filed a new action in the Circuit Court of Cass County, Missouri, however, the defendant "reeks of bad faith" as the defendant immediately objected to jurisdiction in Missouri. Plaintiffs also argue that the defendant failed to establish that New York is an inappropriate forum because defendant has its principal place of business in New York, and the witnesses to the products' design and marketing would be found in New York. Plaintiffs argue that New York has more than "minimal connections" to this case. Plaintiffs acquiesce that the defendant's products were mostly used in Missouri, however, plaintiffs argue that defendant cannot satisfy the "heavy burden of showing that plaintiffs' selection of New York, defendant's home forum, is not in the interest of substantial justice under *CPLR §327*.

As to the defendant's choice of law argument, the plaintiffs argue that this Court would not be unduly burdened in applying either Missouri or Kansas substantive law because "New York Courts are capable of interpreting and applying the law of other states, and even foreign countries." *See*, *Travelers Cas. and Sur. Co. v. Honeywell, Intl., Inc.*, 48 A.D.3d 225, 226 (1st Dep't 2008). In the alternative, plaintiffs argue that this action should be stayed on the condition that the defendant stipulates to not contest jurisdiction, venue, or timeliness.

Here, this Court finds that in the interest of substantial justice, the instant action should be heard in another forum, that is not New York. There is no dispute the plaintiffs filed two substantially similar actions in New York and in the Circuit Court of Cass County, Missouri. Although the defendant, a New York corporation, manufactures the GPS device and application to customers throughout the country, it seems quite clear that Missouri or Kansas would have a greater interest in determining negligence, strict products liability, and negligent infliction of emotional distress purportedly caused by the defendant. Furthermore, this Court finds that there would be substantial hardship on the potential key witnesses given that the decedents' murders occurred in Kansas, the use of the GPS device system and application occurred in Missouri and Kansas, and the law enforcement officers who investigated the underlying incident are located in Missouri and Kansas. In light of the foregoing, this Court finds that the balance of the considerations of justice, fairness, and convenience clearly favors dismissal of this action, and thus, the Court within its discretion, grants the defendant's motion to dismiss the complaint, on the ground of *forum non conveniens.* As to the plaintiff's application, seeking that this action should be stayed on the condition that the defendant stipulates to not contest jurisdiction, venue, or timeliness is denied, as there is nothing stopping plaintiff from commencing an action in the appropriate forum while this case was pending before the court.

Accordingly, defendant's motion, seeking in the alternative, to dismiss the plaintiffs' negligence and negligent infliction of emotional distress claims is moot.

Accordingly, it is hereby

**ORDERED** the defendant, HAPN Holdings' motion for an Order dismissing the plaintiffs' Complaint, pursuant to *CPLR §327(a)*, for *forum non conveniens* is GRANTED; and it is further

**155908/2023   WILLIAMSON, MELANIE ET AL vs. HAPN HOLDINGS, INC.**                    **Page 3 of 4**
  **Motion No.  002**

3 of 4

**ORDERED** that the portion of defendant's motion for an Order seeking, in the alternative, to dismiss the plaintiffs' negligence and negligent infliction of emotional distress claims is denied as moot; and it is further

**ORDERED** that any requested relief sought not expressly addressed herein has nonetheless been considered and hereby denied.

This constitutes the Decision and Order of the Court.

**5/15/2024**
**DATE**

**LISA S. HEADLEY, J.S.C.**

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**155908/2023   WILLIAMSON, MELANIE ET AL vs. HAPN HOLDINGS, INC.**
**Motion No.  002**

**Page 4 of 4**

4 of 4

[* 4]