**Lekas v Dezer Props,, LLC**

2024 NY Slip Op 31755(U)

May 21, 2024

Supreme Court, New York County

Docket Number: Index No. 153879/2023

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LISA S. HEADLEY**      PART      **28M**

*Justice*

-----------------------------------------------------------------------------------X

THEOHARIS LEKAS,

                 Plaintiff,

     - v -

DEZER PROPERTIES, LLC,DEZER HOTEL
CORPORATION OF AMERICA, DEZER DEVELOPMENT,
LLC,18001 HOLDINGS, LLC,TRUMP INTERNATIONAL
HOTELS MANAGEMENT, LLC,JOHN DOES 1-50

                 Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153879/2023 |
| MOTION DATE | 02/06/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 37, 38, 39, 40, 41, 42, 43, 44, 61, 64, 65, 66, 67, 68

were read on this motion to/for             DISMISS             .

       Plaintiff, Theoharis Lekas ("plaintiff"), filed this negligence action for the alleged third-degree burns he sustained on his feet in late August 2022, when he was walking on concrete and/or pavement next to a swimming pool and the sand on a beach at the defendants' resort located at 18001 Collins Avenue, Sunny Isle Beach, Florida 33160 ("subject premises"). Plaintiff alleges that the defendants, Dezer Properties LLC, Dezer Hotel Corporation of America, Dezer Development, LLC, 18001 Holdings, LLC, and Trump International Hotels Management, LLC (collectively, "defendants") participated in the development, construction, ownership, management and/or operation of the subject premises.

       Movant-defendant Trump International Hotels Management, LLC ("Hotels Management"), filed this motion seeking an Order pursuant to *CPLR §327(a)* and/or *CPLR §3211(a)(7),* to dismiss the complaint in its entirety; and in the alternative pursuant to *CPLR §2004*, to grant the defendant an extension of time to file an answer to the complaint. Plaintiff filed opposition, and Defendant Hotels Management filed a reply.

       The doctrine of *forum non conveniens* permits a court to dismiss an action when it finds that "in the interest of substantial justice the action should be heard in another forum." *See, Hayes v. Anderson & Sheppard Limited*, 225 A.D.3d 471 (1st Dep't 2024). *CPLR §327(a)* states "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action." *See, CPLR §327(a).*

       In addition, *CPLR §3211(a)(7)* states "[a] party may move for judgment dismissing one or more causes of action asserted against him on the ground that the pleading fails to state a cause of action." *See, CPLR §3211(a)(7).* Further, pursuant to *CPLR §2004*, the Court has discretion to extend time "upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." *See, CPLR §2004.*

**153879/2023 LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**      **Page 1 of 4**
**Motion No. 004**

1 of 4

In support of the motion to dismiss, defendant Hotels Management argues, *inter alia,* that dismissal is warranted because the plaintiff failed to state a negligence cause of action. Defendant Hotels Management submits the affidavit of Mark Hawthorn ("Mr. Hawthorn"), the Chief Operating Officer who was employed with Hotels Management since February 2016. (*See, NYSCEF Doc. No. 40).* Mr. Hawthorn attests that defendant Hotels Management has no direct relationship to the subject premises where plaintiff allegedly sustained his injuries. Mr. Hawthorn also attests that defendant Hotels Management is a limited liability company formed in Delaware in 2006, and has a principal office at 115 Eagle Tree Terrace, Jupiter, Florida 33477. *See, Exhibit A, NYSCEF Doc. No. 68).* Mr. Hawthorn asserts that Hotels management did not own, operate, or manage the subject premises where the plaintiff was allegedly injured on or before August 2022.

Additionally, the defendant Hotels Management argues that the doctrine of *forum non conveniens* dictates dismissal of the complaint because the plaintiff is a New Jersey resident, the alleged events occurred while plaintiff was visiting Florida, and the relevant documents and witnesses are all located in the State of Florida; therefore, Plaintiff's cause of action lacks a substantial nexus with New York. Furthermore, the movant-defendant seeks an extension of time to file an Answer if the motion to dismiss is not granted, and if the above request for dismissal is denied there would be no prejudice and hardship to plaintiff.

In opposition to the motion, plaintiff submits the licensing agreement *(See, NYSCEF Doc. No. 65),* and argues that the movant-defendant had influence and was responsible for the design, development, construction, marketing, sales, equipping, operation, repair, and maintenance of any building bearing the Trump brand, including the subject premises. Plaintiff further asserts that if movant defendant believes plaintiff has named the wrong parties, then movant-defendant should provide the identities of all its affiliates that have a relationship with the subject premises so Plaintiff can correct his pleadings to name the proper Trump entity or entities.

Furthermore, plaintiff argues that New York is a convenient forum for New York based and/or centric companies because the movant-defendant and Trump Marks LLC, c/o Trump Organizations LLC are headquartered in New York. *(See, NYSCEF Doc. No. 65, Exhibit B).* Plaintiff submits the 2022 Foreign Limited Liability Company Annual Report filed with the State of Florida, which indicates that the principal place of business for Trump Marks LLC, c/o Trump Organizations LLC is 725 Fifth Avenue, 26th Floor, New York, NY 10022. *(See, NYSCEF Doc. No. 65, Exhibit B).* Plaintiff further argues Florida is not the proper venue for this case, because although the accident occurred in Florida, the plaintiff received extensive medical treatment including emergency room visits, the amputation of his toe(s), and part of his foot all occurred in Northern New Jersey. Lastly, Plaintiff argues there is no hardship to defendants to litigate in New York, however it would be a hardship to plaintiff to prosecute his claims in Florida because the defendants' critical witnesses, which the plaintiff does not specify, are located in New York. Plaintiff argues that there would be no burden to New York Courts since movant defendant and Trump Marks LLC, c/o Trump Organizations LLC conducts regular business in the State of New York. Therefore, Plaintiff argues that the movant-defendant's motion to dismiss must be denied.

In reply, Defendant Hotel Management reiterates dismissal is warranted as plaintiff failed to state a cause of action upon which relief could be granted, the doctrine of *forum non conveniens* dictates dismissal of the complaint, and for this Court to grant defendant Hotel Management's motion to dismiss. It should be noted that the plaintiff does not contest the portion of the defendant's motion to file a late answer.

**153879/2023   LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**                         **Page 2 of 4**
**Motion No.  004**

[* 2]

2 of 4

## Discussion

CPLR §327(a) sets forth the standard for dismissal based on *forum non conveniens*. "*CPLR §327(a)* codifies the common-law doctrine of *forum non conveniens* and permits a court, in its discretion, to dismiss an action where 'it is determined that the action, although jurisdictionally sound, would be better adjudicated elsewhere'." *Bangladesh Bank v. Rizal Commercial Banking Corp.,* 208 N.Y.S.3d 2, 15 (1st Dep't 2024) (internal citations omitted). Specifically, *CPLR §327(a)* states:

> "[w]hen the court finds that in the interest of substantial justice the action should be heard in another forum, the court, on the motion of any party, may stay or dismiss the action in whole or in part on any conditions that may be just. The domicile or residence in this state of any party to the action shall not preclude the court from staying or dismissing the action."

"A plaintiff's choice of forum should rarely be disturbed, even when plaintiff is not a New York resident." *Id*; *see also, OrthoTec, LLC v. Healthpoint Capital, LLC*, 84 A.D.3d 702, 702, 924 N.Y.S.2d 78 (1st Dep't 2011). Therefore, a defendant seeking dismissal on *forum non conveniens* grounds has a "heavy burden of establishing that New York is an inconvenient forum and that a substantial nexus between New York and the action is lacking." *Elmaliach v. Bank of China Ltd.*, 110 A.D.3d 192, 208, 971 N.Y.S.2d 504 (1st Dep't 2013) (internal quotation marks omitted). "The factors to be considered on a *forum non conveniens* motion include: the burden on the New York Courts, the potential hardship to the defendant, and the unavailability of an alternative forum in which plaintiff may bring suit. The Court may also consider that both parties to the action are nonresidents and that the transaction out of which the cause of action arose occurred in a foreign jurisdiction . . . . no one factor is controlling." *See, Hayes v. Anderson & Sheppard Limited*, 225 A.D.3d 471 (1st Dep't 2024).

Here, this Court finds, within its discretion and in the interest of substantial justice, that defendant Hotels Management's motion to dismiss for *forum non conveniens* is granted, and the action shall be dismissed. Based upon the affidavits submitted, plaintiff's injuries occurred in Florida, at a Florida based resort. The workers at the resort, the witnesses, and the relevant documents are all located in the State of Florida. Further, there is no dispute that plaintiff received medical treatment in New Jersey, and that the relevant material medical records and the situs of the incident do not exist in New York.

Although Defendant Hotel Management maintains a New York Office, this Court finds that New York courts "need not entertain causes of action lacking a substantial nexus with New York." *See, Hayes v. Anderson & Sheppard Ltd.,* 225 A.D.3d 471(1st Dep't 2024). Here, this Court finds there is no nexus to New York since plaintiff is a New Jersey resident, and Defendant Hotel Management, is a limited liability company formed in Delaware with its principal office located in Florida. Furthermore, in this Court's view, although Defendant Hotel Management's president has a New York residential address, he was not involved with the alleged incident that occurred in the State of Florida. *Id.* In the exercise of this Courts independent discretion, defendants' motion to dismiss on *forum non conveniens* grounds is granted and the matter dismissed. Therefore, the movant-defendant's motion to dismiss is granted.

Accordingly, it is hereby

**ORDERED** that Defendant Trump International Hotels Management, LLC's motion pursuant to *CPLR§327(a)* and/or *CPLR §3211(a)(7)* dismissing the complaint in its entirety is

**153879/2023   LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**
**Motion No.  004**

Page 3 of 4

3 of 4

hereby GRANTED; and it is further

**ORDERED** that Defendant Trump International Hotels Management, LLC's motion pursuant to *CPLR §2004* granting defendant an extension of time to answer the complaint is rendered moot; and its further

**ORDERED** that Defendant Trump International Hotels Management, LLC's motion shall serve a copy of this decision/order upon the parties with notice of entry.

This constitutes the Decision and Order of the Court.

| 5/21/2024 | | LISA S. HEADLEY, J.S.C. |
|-----------|--|-------------------------|
| **DATE** | | |

CHECK ONE:  [X] CASE DISPOSED  [ ] NON-FINAL DISPOSITION

[X] GRANTED  [ ] DENIED  [ ] GRANTED IN PART  [ ] OTHER

APPLICATION:  [ ] SETTLE ORDER  [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

**153879/2023  LEKAS, THEOHARIS vs. DEZER PROPERTIES, LLC ET AL**
**Motion No.  004**

Page 4 of 4

4 of 4