Zhakiyanov v Ogai (2025 NY Slip Op 03294)

Zhakiyanov v Ogai

2025 NY Slip Op 03294

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Index No. 652148/24|Appeal No. 4519|Case No. 2024-06942|

[*1]Galymzhan Zhakiyanov et al., Plaintiffs-Appellants,
v
Eduard Ogai et al., Defendants-Respondents, Demex LLC, Defendant.

Pierson Ferdinand LLP, New York (Marc A. Lindemann of counsel), for appellants.
Curtis, Mallet-Prevost, Colt & Mosle LLP, New York (Donald W. Hawthorne of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about October 18, 2024, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
This dispute concerns a Kazakhstani company, SK, that operated a Kazakhstani mine located in Kazakhstan and was controlled by plaintiffs. Plaintiffs allege that defendant Eduard Ogai and other individuals used their political connections to the former Kazakhstani president to fraudulently strip plaintiffs of their property — specifically, their interest in receiving profits and dividends from SK, which defendants allegedly looted — and then used shell companies, including the defendant entities, to launder SK's stolen assets through the purchase of real estate in New York and California.
Supreme Court should have dismissed the action under the doctrine of forum non conveniens (see Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]; Phat Tan Nguyen v Banque Indosuez, 19 AD3d 292, 294 [1st Dept 2005], lv denied 6 NY3d 703 [2006]). Plaintiffs are both Kazakhstani citizens living in Kazakhstan, and although plaintiff's residence is not dispositive, it is the "most significant factor" in the forum non conveniens analysis (see Thor Gallery at S. DeKalb, LLC v Reliance Mediaworks [USA] Inc., 131 AD3d 431, 432 [1st Dept 2015]). Both individual defendants are also Kazakhstani citizens with deep connections in Kazakhstan who live in Kazakhstan at least part-time. In addition, Khazakstani law may need to be applied, and all of the documents and witnesses with respect to the alleged looting of SK are likely to be in Kazakhstan and would require translation.
Although the remaining defendants are all United States entities, only two of them are New York companies and their relevance to this dispute is limited. The only evidence likely to be located in New York concerns defendants' alleged efforts to launder illegally obtained proceeds through the purchase of New York and California properties, and at least some of the evidence related to those properties is likely to be located in California. In any event, the real estate purchases are not at the heart of plaintiffs' claims and will not be relevant if it is ultimately determined that there was no looting or that the proceeds of the alleged looting were not in fact funneled into these properties — a fact that plaintiffs do not even unequivocally allege, stating only that "[d]iscovery in this action is reasonably likely to reveal" that the properties were financed with looted assets.
An adequate alternative forum is available in Kazakhstan notwithstanding the inability of Kazakhstani courts to reach foreign property or compel foreign documents or witnesses and the unavailability of the constructive trust remedy over the subject real property. Even if Kazakhstan is not an available alternative forum for plaintiff Galymzhan Zhakiyanov [*2]because of his status as a beneficial (not legal) owner of SK shares, the unavailability of an alternative forum is not dispositive (see Barzilai v Israel Museum, 225 AD3d 534, 535 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025